**WAPLES PLATTER CO. et al. v. MILLER et al.**

**No. 3971.**

Court of Civil Appeals of Texas. El Paso.

March 7, 1940.

Rehearing Denied March 28, 1940.

A. M. Herman, William M. Brown, and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellants.

A. T. Folsom, of Wink, for appellees.

WALTHALL, Justice.

This case presents an appeal from an order of the County Court of Winkler County overruling and denying a motion to dissolve a temporary injunction.

B. D. Miller, Mrs. G. F. Elliott and T. V. Elliott, plaintiffs, brought this proceeding against defendants, Waples Platter Company, a corporation, domiciled in Tarrant County, Texas, and E. G. Butler, who resides in and is constable in Winkler County, to restrain and enjoin defendants from proceeding with any levy upon or seizure or sale of any property of plaintiffs under or by virtue of any execution based upon the judgment in plaintiffs' petition, and that on final hearing the temporary injunction be made permanent, and that plaintiffs have their costs, and for general relief.

Plaintiffs alleged, and the record shows, that on July 14, 1939, defendant Waples Platter Company filed in the Ninety-sixth District Court of Tarrant County, Texas, its petition seeking to recover the sum of $847.49 on a verified open account. The petition sets forth the verified account as follows:

"Elliott Grocery & Market No. 1.
    Wink, Texas,
Date Memo Charges / Date Memo Credits / Balance
        Balance Forward        Balance $483.34."
    "Elliott Grocery & Market No. 2,
Date Memo Charges / Date Memo Credits / Balance
        Balance Forward        Balance $264.15."

The account as above was sworn to as a verified account; the affidavit attached shows that by virtue of said account defendants in said suit (plaintiffs herein) are indebted to plaintiff Waples Platter Company in the sum of $847.49.

Thereafter Waples Platter Company entered in said cause judgment by default for said amount of $847.49, based on its petition as a liquidated demand, as on verified account, and caused an execution to issue for the collection of such judgment, and placed the execution in the hands of the constable, defendant Butler, and directed a levy thereunder.

Plaintiffs in this suit (appellees) submit that in the original suit, the Tarrant County suit, being a suit on an open account for goods, wares and merchandise sold and delivered, the petition is insufficient to support the default judgment, as the petition does not disclose the dates of the account, and does not show that the purchasers in the account are the identical purchasers.

Plaintiffs insist that the judgment, being without sufficient pleading, is void; that

834

the dissolution of the temporary injunction is within the discretion of the trial judge, and the case should not be reversed, the record showing no abuse of discretion.

Defendant Waples Platter Company filed a verified answer consisting of a general denial, and specially plead the judgment of the District Court of Tarrant County, sought to be enjoined; that no appeal or writ of error was prosecuted from said judgment by any of the defendants, and that said judgment still stands subsisting, and has never been vacated, modified, changed or altered; plead the issuing of the execution and its delivery to the constable; that it is the owner and holder of the judgment; that the judgment has not been paid in whole or in part.

There is no statement of facts in the record other than a certified copy of the judgment sought to be enjoined.

The judgment shows that the District Court of Tarrant County had jurisdiction of the subject matter of the suit, and by proper citation and service had acquired jurisdiction over each of the defendants. The judgment recites the proceedings had on the trial, and everything seems to have been regular and in due order. The defendants made no appearance at any time either in person or by answer, and the judgment was rendered by default. The only objection now made to the judgment and the execution is that the petition of the plaintiff in the suit, the Waples Platter Company, does not itemize the account upon which the suit is brought, and that the judgment rendered is in excess in amount of the balances of the account added together. The two objections seem to be true in fact, as well as we can determine by the record before us, and, in disposing of the case, we will assume that the open account upon which Waples Platter Company brought its suit is not itemized, that is, the account does not show the date of purchase nor the purchase price of any article in the account, and that the judgment is in excess in amount of the indebtedness.

We have concluded, however, that the facts, admitted as above, do not render the judgment void, but voidable only, and that the County Court of Winkler County was in error in issuing the temporary injunction, and was in error in overruling defendant's motion to dissolve the injunction.

The District Court of Tarrant County, having acquired jurisdiction of the subject matter of the suit and of the parties defendant, had the power to render the judgment, though error, and that any attack upon the judgment, to be direct, must be brought in the court where the judgment was rendered.

Without discussing the matter further, we content ourselves by referring to the articles of the statute so providing, Revised Civil Statutes, 1925, Article 4656 and Article 1995, subdivision 17.

Also we refer to 11 Tex.Jur., page 789, par. 60, where the law is fully stated, and many cases sustaining the statement there made are found in the notes.

The order enjoining the enforcement of execution is reversed and the suit is dismissed.